# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

CHRISTINA VIRGINIA BAUTISTA,

    Debtor.

Case No. 08-11912-RGM
(Chapter 7)

## MEMORANDUM OPINION

THIS CASE is before the court on the proposed reaffirmation agreement by and between the debtor and VW Credit, Inc. (Docket Entry 26). The debtor is represented by counsel. Although counsel for the debtor signed Part C, "Certification by Debtor's Attorney (If Any)," he did not check either box on Part C. The presumption of undue hardship arises in this case, but court review is not required until counsel makes both certifications set forth in Part C.

Section 524(c) of the Bankruptcy Code provides that a reaffirmation agreement is enforceable only if all of the subsections of §524(c) are satisfied. Section 524(c)(2) requires that the debtor receive the disclosures described in §524(k) before or at the time he signs the reaffirmation agreement. Section 524(k)(1) requires a reaffirmation agreement to contain Part C, "Certification by Debtor's Attorney." 11 U.S.C. §524(k)(5). Part C actually contains two matters, a certification and an opinion. The certification under 11 U.S.C. §524(k)(5)(A) is applicable in all cases. In this case, there is a box in front of the first paragraph. Counsel must check this box as well as sign Part C in order to make the required certification. Here, he signed Part C but did not check the box.

The opinion under 11 U.S.C. §524(k)(5)(B) is applicable only if a presumption of undue hardship arises. The presumption of undue hardship arises as provided in §524(m)(1), which states:

[I]t shall be presumed that such agreement is an undue hardship on the debtor if the

1

>debtor's monthly income less the debtor's monthly expenses as shown on the debtor's completed and signed statement in support of such agreement required under §524(k)(6)(A) is less than the scheduled payments on the reaffirmed debt.

11 U.S.C. §524(m)(1). The debtor did provide the income and expense figures in Part D, which show that the presumption of undue hardship arises in this case. Accordingly, counsel is required to issue the opinion required by §524(k)(5)(B) and tracked by the second checkbox on Part C.

Finally, while counsel's failure to properly complete Part C renders the proposed reaffirmation agreement unripe for court review, the court notes that in cases where the presumption of undue hardship applies, the Bankruptcy Code places the burden on the debtor to overcome the presumption to the court's satisfaction: "The presumption may be rebutted in writing by the debtor if the statement [in Part D] includes an explanation that identifies additional sources of funds to make the payment as agreed upon under the terms of such agreement." 11 U.S.C. §524(m)(1). In this case, the debtor states that the "Creditor payment included in Schedule J." A review of Schedule J shows a $234 line item automobile expense, but nevertheless reflects a $3,564 budget deficit. Thus, the debtor's statement would not overcome the presumption of undue hardship.

Since §524(k)(5) was not complied with, §524(c)(2) which incorporates §524(k) was not complied with either. Because all of the subsections of §524(c) were not satisfied, the reaffirmation agreement is not effective.

Alexandria, Virginia
June 25, 2008

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

2

Copy electronically to:

Edward Gonzalez
Tyler B. Jones

Copy mailed to:

Hilary B. Bonial / LA 24305
9441 LBJ Freeway, Suite 350
Dallas, Texas 75243

14386